IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) Crim No. 93-10253-WD |
| **EMILIO RAMOS,** | ) Civil No.98-11857-DPW |
| Defendant. | ) CA-00-10135-DPW |

### GOVERNMENT'S OPPOSITION TO THE PETITIONER'S
### PRELIMINARY WRIT OF *CORAM NOBIS*

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, and Robert L. Peabody, Assistant United States Attorney, hereby responds to petitioner Emilio Ramos's (petitioner/Ramos) "preliminary" writ of coram nobis – letter dated July 8, 2004 – in which the petitioner makes the following requests of the Court:

**First**, petitioner requests that his letter, dated July 8, 2004, be construed by the Court as a writ of coram nobis;

**Second**, petitioner requests that the Court direct the United States Probation Office (USPO) to provide him (Ramos) with the mailing address for Attorney Elizabeth Prevett (Prevett) of the Federal Defenders Office – Ramos' appointed counsel in his previous habeas corpus (2255) litigation; and

**Third**, petitioner requests that the Court stay these proceedings until counsel (Prevett or, perhaps another attorney) can pursue further Ramos' purported effort to obtain a writ of

1

coram nobis.

After review of petitioner's requests, the government opposes them and respectfully requests that Ramos' "preliminary" writ of coram nobis – at least in its current, minimalist form – be denied.

**I.   Ramos is not entitled to coram nobis relief.**

    **A.   Ramos is in Custody.**

Although the proper scope of coram nobis relief in Ramos' case is debatable, such relief is not available to petitioner in this case because he is currently serving a prison term.[1] See United States v. Morgan, 346 U.S. 502 (1954) (All Writs Act authorizes federal courts to issue coram nobis relief only to litigants who are no longer in custody); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001)("unlike a writ of habeas corpus, a writ of coram nobis is issued once the petitioner is no longer in custody.").[2] As such, his July 8 letter cannot serve as writ

---

[1] Ramos' July 8, 2004 letter to the Court provided the return address of U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837.

[2] To the same effect are United States v. Johnson, 237 F.3d 751 (6th Cir. 2001)(defendant in custody may not seek coram nobis relief even if section 2255 is no longer available); United States v. Garcia, 181 F.3d 1274, 1274-1275 (11th Cir. 1999) (per curiam) (only prisoner no longer in custody may avail self of coram nobis); United States v. Hatten, 167 F.3d 884, 887 n.6 (5th Cir. 1999)(same); United States v. Brown, 117 F.3d 471, 474-475 (11th Cir. 1997) (same); United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989)(same); Zabel v. U.S. Attorney, 829 F.2d 15, 17 (8th Cir. 1987) (per curiam)(same); United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969) (same); see also United States v. Bush, 888 F.2d 1145, 1147 (7th Cir. 1989) ("Contemporary coram nobis

of corum nobis.

    **B.    Ramos Does Not meet the legal requirements to secure a Writ of coram nobis**

Even if Ramos' current custodial status did not bar him from obtaining coram nobis relief, relief is unavailable as a matter of law because Ramos has not "met the traditional requirements for issue of a writ of coram nobis." "Coram nobis was available at common law to correct errors of fact... affect[ing] the 'validity and regularity' of the judgment." Likewise, its use in the United States historically has "been with reference to its common law scope." United States v. Morgan, 346 U.S. 502, 507-08 (1954).

Assuming that coram nobis relief is still a viable cause of action – what with Congress' passage of the Anti Terrorism and Effective Death Penalty Act in 1996 (AEDPA) regulating, essentially, all post conviction relief proceedings – relief under corum nobis is limited to so-called fundamental factual errors committed in the underlying criminal case. See e.g. United States v. Hahn, 359 F.3d 1315, 1329 (10th Cir. 2004) (defendant must make claim that error was made that led to a miscarriage of justice in one of four categories: **1)** district

---

matters only after custody expires"); Lebron-Rosario v. United States, 493 F.2d 318, 320 n.3 (1st Cir. 1974)(where petitioner brought §2255 petition while in custody, but decision rendered after his release, given his current noncustodial situation, "his motion to vacate sentence can still be treated as a petition for writ of error coram nobis." (citations omitted)).

court relied on improper factor like race, gender, etc.; **2)** ineffective assistance of counsel; **3)** sentence imposed exceeded statutory maximum for crime convicted; **or 4)** unlawful waiver.)

Assuming that <u>coram nobis</u> relief was even available to Ramos – and its not – it would only be available where petitioner could: **1)** explain away his failure to seek relief from a previous judgment or order of the court; **2)** demonstrate ongoing collateral consequences from his conviction; and **3)** show that the error was fundamental to the validity of the judgment. <u>See</u> <u>Sawyer</u>, 239 F.3d at 38, <u>citing</u> <u>Hager</u>, 993 F.2d at 5; <u>United States v. Mandanici</u>, 205 F.3d 519, 524 (2d Cir. 2000), <u>cert. denied</u>, 531 U.S. 879; <u>United States v. Barrett</u>, 178 F.3d 34, 56 & n.20 (1st Cir. 1999).

Ramos' one page, four paragraph letter to the Court of July 8, 2004 does not describe/allege <u>any</u> of the required fundamental allegations needed for a <u>corum nobis</u> petition. As such, his July 8 letter does not qualify as a writ of <u>corum nobis</u> despite his plea to the contrary.

**II.  There is no obligation for the Court or U.S. Probation to facilitate contact between Ramos and his former attorney**

Since petitioner's July 8 letter does not meet the requirements of a writ of <u>coram nobis</u>, there is, of course, no obligation for the Court or U.S. Probation to facilitate contact between Ramos and his former appointed counsel, Elizabeth

Prevett.[3]  Having said this, the government is surprised to learn that Ramos does not know how to contact Attorney Prevett given their previous attorney client relationship and the fact Ms. Prevett is still employed by the Federal Defenders.

### III.  There are no Proceedings Which the Court can Stay

Since petitioner's July 8 letter fails to meet any of the threshold requirements for a writ of coram nobis, there are, of course, no "proceedings" for the Court to stay.

### IV.  Conclusion

For these reasons, the government respectfully requests that the Court deny/dismiss Ramos' Jul8 , 2004 "preliminary" petition for a Writ of corum nobis.

>                     Respectfully submitted,
>
>                     **MICHAEL J. SULLIVAN**
>                     United States Attorney
>
>              By:    /s/ Robert L. Peabody
>                     **ROBERT L. PEABODY**
>                     Assistant U.S. Attorney
>                     617 748-3240

Dated: August 6, 2004

---

[3]  The government understands that Attorney Prevett was appointed by the Court to represent Ramos in connection with his habeas corpus petition but that Prevett's representation has ended.