IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

EMILIO RAMOS,

    Petitioner:

                            Criminal No. 93-10253-WD
                            Civil No. 98-11857-DPW
v.                         CA-00-10135-DPW

UNITED STATES OF AMERICA,

    Respondent:

MOTION BY PETITIONER SEEKING LEAVE OF THE COURT

TO AMEND HIS APPLICATION FOR A WRIT OF CORAM NOBIS

IN RESPONSE TO THE GOVERNMENT'S OPPOSITION TO THE PETITIONER'S

<u>PRELIMINARY WRIT OF CORAM NOBIS</u>

COMES NOW, the Petitioner, Emilio Ramos, (Hereinafter, "Petitioner"), proceeding pro-se, and respectfully states the following:

1). Contrary to the Government's Opposition, at page 2, subsection I A., Petitioner is not in custody pursuant to the above captioned criminal case number 93-10253-WD, having completed his sentence of 84 months in 1999. Please see Petitioner's Exhibit # 1, (e.g., Judgment and Commitment Order, dated February 6, 1995, attached for this Honorable Court's information, review, and consideration. Therefore, the government's cited case of <u>United States v. Morgan</u>, **346 U.S. 502 (1954)** (All Writs Act authorizes federal courts to issue <u>coram</u> <u>nobis</u> relief only to litigants who are no longer in custody); <u>United States v. Sawyer</u>, 239 F.3d 31, 37 (1st Cir. 2001)

1.

counsel to pursue the proceedings through the filing of a timely certiorari petition, <u>Austin v. United States</u>, 513 U.S. 5, 8, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994) and that where appointed counsel has failed to file a requested petition, the proper remedy is to re-enter the appellate judgment and appoint new counsel to file a timely petition. <u>Doherty v. United States</u>, 404 U.S. 28, 29, 92 S.Ct. 175, 30 L.Ed.2d 209 (1971).

**WHEREFORE**, for the foregoing reasons, cited precedent case law as determined by the Supreme Court of the United States as clearly established Federal Law, the Petitioner respectfully requests that this Honorable Court grant the relief requested in his initial application for a writ of coram nobis, as well as herein this instant response to the Government's Opposition.

Dated: <u>August 10, 2004</u>

*Emilio Ramos*
EMILIO RAMOS, PRO-SE LITIGANT

SUBSCRIBED TO AND SWORN BEFORE me this _10_th day of August, 2004. My Commission Expires: _____.

_____
NOTARY PUBLIC

M. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955, as amended, to
administer oaths, (18 USC 4004).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DOCKETED**

EXHIBIT # 1

UNITED STATES OF AMERICA

v.

EMILIO RAMOS

CRIMINAL NO. 93-10253-03-DPW

ATTORNEY: Michael Avery

JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT PLEADED GUILTY TO COUNTS: three

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT(S), WHICH INVOLVED THE FOLLOWING OFFENSES:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 21 USC 841(a)(1) | Possession with intent to distribute heroin | 12/90 | three |

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 4 OF THIS JUDGMENT. THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM ACT OF 1984.

IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $50.00 FOR COUNT 3 WHICH SHALL BE DUE IMMEDIATELY.

IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF NAME, RESIDENCE OR MAILING ADDRESS UNTIL ALL FINES, RESTITUTION, COSTS AND SPECIAL ASSESSMENTS IMPOSED BY THIS JUDGMENT ARE FULLY PAID.

DEFENDANT'S SOC.SEC. NO.           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

DEFENDANT'S DATE OF BIRTH:         11/13/67

DATE SENTENCE IMPOSED:             January 17, 1995

DEFENDANT'S MAILING ADDRESS:       c/o Isabel Ramos
                                   1429 65th Street
                                   Brooklyn, N.Y. 11219

DEFENDANT'S RESIDENCE ADDRESS:     In federal custody

U.S. DISTRICT JUDGE

DATED: February 6, 1995

DEFENDANT: Emilio Ramos                                   PAGE 2 OF 4
CRIMINAL NO.: 93-10253-03-DPW

## IMPRISONMENT

THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:

eighty-four (84) months

__XX__ THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRISONS: that the period of imprisonment be served at a facility in close proximity to New York City.

_____ THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____ THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT

AT_____ AM/PM ON_____.

_____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

_____ THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION DESIGNATED BY THE BUREAU OF PRISONS,

_____ BEFORE 2 PM ON_____.

_____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

_____ AS NOTIFIED BY THE PROBATION OFFICE.

## RETURN

I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____

_____

_____

DEFENDANT DELIVERED ON_____ TO_____

AT_____ WITH A CERTIFIED COPY OF THIS JUDGMENT.

                                    _____
                                    UNITED STATES MARSHAL

                                    BY:_____
                                         DEPUTY MARSHAL

## SUPERVISED RELEASE

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE ON SUPERVISED RELEASE FOR A TERM OF:
                   five (5) years

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE. THE DEFENDANT ALSO SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH BELOW). IF THIS JUDGMENT IMPOSES A RESTITUTION OBLIGATION, IT SHALL BE A CONDITION OF SUPERVISED RELEASE THAT THE DEFENDANT PAY ANY SUCH RESTITUTION THAT REMAINS UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE. THE DEFENDANT SHALL COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS:

1) THE DEFENDANT SHALL NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE.

2) THE DEFENDANT SHALL PROVIDE FULL AND ACCURATE FINANCIAL INFORMATION AS REQUESTED BY THE PROBATION OFFICER.

3) THE DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE PROGRAM, INCLUDING PERIODIC TESTING, AS DIRECTED BY THE UNITED STATES PROBATION OFFICER.

## STANDARD CONDITIONS OF SUPERVISION

WHILE THE DEFENDANT IS ON SUPERVISED RELEASE PURSUANT TO THIS JUDGMENT, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME. IN ADDITION:

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Emilio Ramos                                    PAGE 4 OF 4
CRIMINAL NO.: 93-10253-03-DPW

## STATEMENT OF REASONS

____ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT.

OR

_xx_ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT EXCEPT: (see attachment if necessary):
The court determined the defendant was entitled to a 2 level reduction for his role in the offense as a minor participant and a 3 level reduction for the defendant's acceptance of responsibility.

GUIDELINE RANGE DETERMINED BY THE COURT:

  TOTAL OFFENSE LEVEL:          25

  CRIMINAL HISTORY CATEGORY:    IV

  IMPRISONMENT RANGE:           84 to 105 months

  SUPERVISED RELEASE:           4 to 5 years

  FINE RANGE:                   $10,000 to $2,000,000

_XX_ Fine is waived or is below the guidline range, because of the defendant's inability to pay.

  RESTITUTION:                  n/a

____ Full restitution is not ordered for the following reason(s):

_xx_ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

____ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

____ upon motion of the government, as a result of defendant's substantial assistance.

____ for the following reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT # 2

Emilio Ramos
Reg.#35179-054
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Honorable Douglas P. Woodlock
United States District Judge
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

July 8, 2004

Re: Crim. Dkt. No.93-10253-WD
    Civil Action No.98-11857-DPW
                No.CA-00-10135-DPW

Dear Your Honor:

Please construe this letter as a "Writ for error coram nobis" in the above criminal proceeding in which I would like to test the legality of my conviction.

Please understand that this matter is due in part related to the proceedings before your court on May 12, 2000. Since then I have been attempting to contact my court appointed counsel (Liz Prevett) to inform her of how to contact me and of my new arrest since then.

On January 22, 2001, I wrote a letter to Mr. Charles Dotson of the United States Probation Office requesting the address of my court appointed attorney who Mr. Dotson had been in contact with on this case, but I have not received a response.

My request is that the Court issue an order to the U.S. Probation Agent to furnish me with the address of my counsel and issue an order to stay these proceedings until an adequate response or motion can be filed by counsel in the interest of the legality of my conviction.

Respectfully Submitted,

*Emilio Ramos* (signature)
Emilio Ramos

# CERTIFICATE OF SERVICE

I, __Emilio Ramos_____, hereby certify that I have served a true and correct copy of the foregoing:

    MOTION BY PETITIONER SEEKING LEAVE OF THE COURT
      TO AMEND HIS APPLICATION FOR A WRIT OF CORAM NOBIS
 IN RESPONSE TO THE GOVERNMENT'S OPPOSITION TO THE PETITIONER'S
          PRELIMINARY WRIT OF CORAM NOBIS

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Kevin Cloherty, Esquire  
Assistant United States Attorney  
U.S. Attorney's Office  
1 Courthouse Way, Suite 9200  
Boston, Massachusetts  02210  

The Hon. Douglas P. Woodlock  
U.S. District Court-Boston, MA  
1 Courthouse Way  
Boston, Massachusetts  02210  
[Attn: Clerks Office]

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __10__ day of __August__,

*/s/ M. Nicholas*
M. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955, as amended, to
administer oaths, (18 USC 4004).

Respectfully Submitted,

*/s/ Emilio Ramos*
Emilio Ramos

REG. NO. 35179-054